## In re LOWENSOHN.

(District Court, S. D. New York. April 6, 1900.)

1. BANKRUPTCY—LIENS—WORK AND LABOR.
   Where a clothier gave out garments, in lots, to different tailors, to be made up by the piece, and returned in whole or broken lots for examination, and to be paid for at stated intervals if approved, and the tailors employed other workmen in making up the goods, *held* that, as against the estate of the clothier in bankruptcy, the tailors had a lien upon all articles remaining in their hands, not only for work done upon those articles, but also for work done upon any portions of the same specific lot which had been returned for examination and not yet paid for.

2. SAME.
   Where the whole of a particular lot had been returned for examination, this was not such an unqualified delivery of the goods as to deprive the workmen of their lien for labor bestowed on that lot, unless there had been such a delay in afterwards demanding payment as would amount to a waiver of the lien.

In Bankruptcy.

Samuel Fleischman and A. H. Sarasohn, for creditors.
Blumenstiel & Hirsch and Mr. Maas, for trustee, opposed.

BROWN, District Judge. The bankrupt engaged in the clothing business, gave out garments in lots to be made up by the piece to numerous different tailors, by whom other workmen were employed in making them up. The course of business was that the lots given out should be returned from time to time, either wholly or in parts, and left at the bankrupt's place of business for examination, to be

paid for, if found correct, on the next pay day, which was once or twice a week. At the time of the bankrupt's failure there were numerous lots outstanding in the hands of the tailors, on which there were claims of lien, some for work done on the garments still in their hands, and some for work on garments returned to the bankrupt a day or two previous for examination as above stated, and not yet paid for. Several cases are presented for my ruling as to the duty of the trustee in paying such claims.

1. Each lot given out may be regarded as given out upon a contract for making up that lot, so that a lien should be recognized upon whatever articles remain in the workman's hands, not only for the work done on the latter articles, but also for the work done on portions of the same lot returned for examination under the arrangement above stated. Laundry Co. v. Hahlo, 105 N. Y. 234, 11 N. E. 500.

2. I am further of the opinion that even where no goods of a particular lot remain in the hands of the workmen, but all of that lot has been previously left with the bankrupt for examination, as above stated, this should not be deemed to be an unqualified delivery of the goods, such as to deprive the workmen of the lien thereon for the labor bestowed on them, or of the lot of which they form a part, unless there was such delay in afterwards demanding payment as would authorize a finding of a waiver of the lien. The Kimball, 3 Wall. 37, 43, 18 L. Ed. 50.

I think the above rules will be sufficient to dispose of the various claims.